UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COREY TIBBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01099-TWP-KMB |
| | ) | |
| ALLEN Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Corey Tibbs. (Dkt. 1). Mr. Tibbs seeks relief from his conviction and sanctions in prison disciplinary case ISR 24-11-3107. For the following reasons, his petition is **denied.**

**I.   OVERVIEW**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.   <u>DISCIPLINARY PROCEEDING</u>

On November 4, 2024, Lt. S. Howard conducted a camera review of the K1 dorm and found that on 11/1/2024[1] at approximately 5:48 AM Mr. Tibbs took the mattress, bed linens, and other property belonging to Jason Caldwell, another incarcerated individual, from Mr. Caldwell's bunk, "stealing the items." (Dkt. 10-1). The same day, Lt. Howard wrote a conduct report charging Mr. Tibbs with violating offense B-215, unauthorized possession of property. *Id.*; (Dkt. 10-9 at 5).

On November 20, 2024, a screening officer notified Mr. Tibbs of the charge and provided him with a copy of the conduct report and notice of disciplinary hearing (screening report). Dkt. 10-2. After being advised of his rights, Mr. Tibbs pleaded not guilty and requested video evidence. *Id.* A week later, disciplinary hearing officer (DHO) J. Ernest reviewed the video and prepared a video review report stating, "I, Sgt. J. Ernest, reviewed video footage for case ISR-24-11-003107. I.I. Tibbs, Corey #931661 approached the bed area Row 2 Bed 2 Upper, belonging to I.I. Caldwell, Jason #990072. I.I. Tibbs pulls the mattress with the sheets and blankets still on it off the bunk, folded it into thirds, and carried it back to his bed area." Dkt. 10-5. The date of incident on the video report is November 1, 2024. *Id.*

DHO Ernest held the disciplinary hearing on December 5, 2024. Dkt. 10-4. Mr. Tibbs appeared and pleaded not guilty. *Id.* Mr. Tibbs stated, "In the conduct it says 11/2 but that's not true. Where is the mattress at? I don't have anything on my record. Why would I do this on camera? Why would I jeopardize everything that I've got going on? Where is his statement at? Did he say anything about me? This was a plan for him to check in and getting outta here. I never did anything to him. I help people." *Id.*

---

[1] In the body of the conduct report, the date listed is 11/02/2024. Dkt. 10-1. At the top of the conduct report, the Date of Incident is shown as 11/01/2024. *Id.* A video review report shows that the date of the incident is November 1. Dkt. 10-4.

DHO Ernest found Mr. Tibbs guilty of unauthorized possession of property, reasoning, "The date in the body of the report is being considered a minor error. On 11/1/2024, the video review shows I.I. Tibbs going to I.I. Caldwell's bed area and taking his mattress along with his blankets and taking the items to his bed area. I.I. Tibbs more likely than not stole these items from I.I. Caldwell." *Id.* DHO Ernest sanctioned Mr. Tibbs with a 30-day loss of earned credit time. *Id.*

Mr. Tibbs' appeals were denied. This habeas action followed.

### III. Discussion

Mr. Tibbs raises two claims for relief. He argues that his due process rights were violated when he was: 1) denied video review for the proper date; and 2) denied a witness statement from Mr. Caldwell that he asked for through a request slip and at the disciplinary hearing. Dkt. 2 at 3–4. Both claims rest on whether he was denied requested evidence.

Due process affords an inmate in a disciplinary proceeding a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. But due process is not violated unless the inmate is deprived of an opportunity to present exculpatory, material evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011), and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). "Prison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

The denial of evidence is harmless error unless the evidence withheld was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (finding that harmless error

analysis applies to prison disciplinary proceedings); *Jones,* 637 F.3d 847 (if petitioner suffers no prejudice as a result of an error, any due process violation is harmless). "Only evidence that undermine[s] or contradict[s]" the DHO's findings is exculpatory. *Jones,* 637 F.3d at 848.

Mr. Tibbs' first claim is based on a scrivener's error. It is undisputed that the incident at issue occurred on November 1, 2024, but in the body of the conduct report, it shows November 2 as the date. At screening, Mr. Tibbs requested video evidence, and a report of the video review for November 1 was provided and considered. Mr. Tibbs argues that the conduct report shows the date as November 2, but he was never given video evidence for that date. Any video taken on November 2 would have been irrelevant because the incident did not occur on that date. As stated by the DHO, "[t]he date in the body of the report is being considered a minor error." (Dkt. 10-4). This claim fails.

Mr. Tibbs' second claim is that before and during the hearing, he asked for Mr. Caldwell to be a witness to say that Caldwell had asked Mr. Tibbs to remove the mattress for him because it had black mold on it and Caldwell had a rash from sleeping on it. Mr. Tibbs argues that this evidence would have shown that the removal of the mattress was "authorized."[2] Unfortunately for Mr. Tibbs, the Department of Correction defines "authorized" as:

Any of the following:

- According to Department and facility rules, policies, procedures or directives;

- According to the direction or orders of an employee;

-  According to an established facility custom approved by the facility administration; or,

- With permission from an appropriate employee.

---

[2] The Court need not address whether Mr. Tibbs' request for Mr. Caldwell as a witness was actually made and if so, whether it was timely made, because even assuming it was, his claim fails.

4

Dkt. 10-10 at 2.

"Requested by another inmate" is not included in the definition of "authorized." Although Mr. Caldwell's testimony would have shown that Mr. Tibbs did not *steal* the mattress, it would not have undermined the DHO's conclusion that Mr. Tibbs' possession of the mattress was unauthorized. Therefore, any statement by Mr. Caldwell would not have been exculpatory or material. The denial of such a request, therefore, did not violate Mr. Tibbs' due process rights.

## IV.    CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Tibbs to the relief he seeks. Accordingly, Mr. Tibbs' Petition for Writ of Habeas Corpus, Dkt. [1] must be **DENIED** and the action **dismissed with prejudice.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/9/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

COREY TIBBS
931661
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov